IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BENJAMIN AVILA, | ) | 4:12CV3012 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| by and through UNITED STATES | ) | |
| DEPARTMENT OF COMMERCE, | ) | |
| AGENCY, [and] LORI McCALISTER, | ) | |
| individually and in her capacity as | ) | |
| ASSISTANT MANAGER, | ) | |
| RECRUITMENT BUREAU OF THE | ) | |
| CENSUS, | ) | |
| | ) | |
| Defendant[s]. | ) | |
| | ) | |

   This is an employment discrimination case. The plaintiff, Benjamin Avila, claims the defendants violated his rights under the Fourteenth Amendment (Equal Protection Clause) and the First Amendment to the United States Constitution, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17, and 42 U.S.C. § 1981. The defendants, the United States Department of Commerce and Lori McAlister,[1] have moved to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6), for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted . The motion to dismiss will be granted, but the plaintiff will be allowed to amend his complaint to substitute the Secretary of the Department of Commerce as the defendant for the Title VII claim.

---

   [1] Ms. McAlister's name is incorrectly spelled "McCalister" in the complaint. Her job title is Assistant Manager, Recruitment Bureau of the Census, and she is sued in both her individual and official capacity.

## *BACKGROUND*

Avila was hired as a clerk by the U.S. Census Bureau in Lincoln, Nebraska, in December 2008. When his employment was terminated several months later, in July 2009, Avila was working as a recruiting assistant. In his complaint, which was filed in January 2012, Avila alleges he "was the only minority working for the census bureau in Nebraska" (filing 1, ¶ 9)[2]; he "complained to Lori [McAlister] and others that there were no other minority workers" (filing 1, ¶ 1)[3]; he "was routinely denied the ability to earn overtime compensation even though [he] could not satisfactorily complete his job duties without incurring overtime hours" (filing 1, ¶ 14) and "was required to drive long distances to complete his job duties in addition to performing the specific tasks at each location"(*id.*); when he "submitted time cards that reflected over forty hours of work performed, the Defendant [*sic*] would erase any hours of work performed beyond forty hours and [Avila] would only be compensated for the forty hours of work reflected on his time sheet" (filing 1, ¶ 15); "an Associated Press interview summarized [Avila's] comments that the officials weren't doing enough to hire Latinos and Spanish speakers" (filing 1, ¶ 16); Avila "also questioned the hiring criteria for Latinos and Spanish speakers" (*id.*); his "comments on matters of public concern were not part of his job duties" (filing 1, ¶ 17); Avila "was written up by Lori [McAlister] for his comments to the Associated Press published April 2, 2009" (filing 1, ¶18); his "performance was scrutinized by Lori [McAlister] and he was threatened with termination" (filing 1, ¶ 19); he "was also precluded by Lori [McAlister] from entering certain portions of the work area while non-[H]ispanic employees were not precluded from entering any portion of the work area" (filing 1, ¶ 20); Avila "was informed by Lori [McAlister] that he was going to be terminated" (filing 1, ¶ 21);

---

[2] Avila does not identify his ethnicity, but presumably he is Hispanic.

[3] Avila further alleges he "came up with suggestions for recruiting changes which would enhance the recruitment of minorities; however, his suggestions were not implemented." (Filing 1, ¶ 11)

2

"[u]pon notifying [Avila] of his termination, he was told by Lori [McAlister] that he could face federal prosecution if he spoke publicly regarding his work for the Defendant" (filing 1, ¶ 22); and Avila "was informed that his pay check would be withheld until he returned all items to the Defendant" (filing 1, ¶ 23).

### *STANDARD OF REVIEW*

Federal Rule of Civil Procedure 12(b)(1) allows a district court to dismiss a claim for lack of subject-matter jurisdiction.[4] *Blakley v. Schlumberger Technology Corp.*, 648 F.3d 921, 931 (8th Cir. 2011). The district court "must accept all factual allegations in the pleadings as true and view them in the light most favorable to the nonmoving party." *Great Rivers Habitat Alliance v. Federal Emergency Management Agency*, 615 F.3d 985, 988 (8th Cir. 2010) (quoting *Hastings v. Wilson*, 516 F.3d 1055, 1058 (8th Cir. 2008)). The burden of proving federal jurisdiction, however, is on the party seeking to establish it, and "[t]his burden may not be shifted to" the other party. *Id.* (quoting *Newhard, Cook & Co. v. Inspired Life Ctrs., Inc.*, 895 F.2d 1226, 1228 (8th Cir. 1990)).

To withstand a Rule 12(b)(6) motion, a complaint must contain sufficient factual allegations to "state a claim to relief that is plausible on its face." *E-Shops Corp. v. U.S. Bank Nat. Ass'n*, 678 F.3d 659, 663 (8th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility

---

[4] A district court has the authority to dismiss an action for lack of subject-matter jurisdiction on any one of three separate bases: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Johnson v. United States*, 534 F.3d 958, 962 (8th Cir. 2008) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). In this case, the defendants' Rule 12(b)(1) motion is based on the complaint alone.

3

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gomez v. Wells Fargo Bank, N.A.*, 676 F.3d 655, 660 (8th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).

## DISCUSSION

The plaintiff's four claims will be discussed in the order in which they are alleged (*i.e.*, Fourteenth Amendment, First Amendment, Title VII, and § 1981).

### 1. Fourteenth Amendment

First, it is alleged that "Defendant, [*singular*] deprived the Plaintiff of Equal Protection of the laws contrary to the Fourteenth Amendment to the United States Constitution by treating him differently than similarly situated individuals based on his race and his reports of unequal and unlawful treatment based on race" (filing 1, ¶ 26). This claim necessarily fails because the Fourteenth Amendment "is directed at the States, [and] it can be violated only by conduct that may be fairly characterized as 'state action.'" *Lugar v. Edmonson Oil Co., Inc.*, 457 U.S. 922, 924 (1982).

Acknowledging this obvious pleading defect, Avila "requests leave to amend his First Cause of Action under § 1983 to include violations of the Fifth Amendment to the United States Constitution" (filing 30 at 6). This request will be denied.

Even though "[a]n action that violates the fourteenth amendment guarantee of equal protection when committed by a state actor violates the due process guarantee of the fifth amendment when committed by a federal actor," *United States v. Greene*, 995 F.2d 793, 795 (8th Cir. 1993), 42 U.S.C. § 1983 "is inapplicable when a person acts under color of federal law." *Jones v. United States*, 16 F.3d 979, 981 (8th Cir. 1994). "The statute simply provides a means through which a claimant may seek a

4

remedy in federal court for a constitutional tort when one is aggrieved by the act of a person acting under color of state law." *Id.*

It also would be futile for Avila to attempt to bring a *Bivens*[5] action to redress alleged violations of his Fifth Amendment rights because Title VII "provides the exclusive judicial remedy for claims of discrimination in federal employment."[6] *Brown v. General Servs. Admin.*, 425 U.S. 820, 835 (1976). *See also Gerdes v. Chertoff*, No. 4:08CV3246, 2009 WL 2351742, *4 (D.Neb. July 24, 2009) (federal employee's exclusive remedy for employment discrimination claim is provided by Title VII). "While the Supreme Court has created narrow exceptions to *Brown* for certain federal employees who would otherwise be without a remedy, *see Davis v. Passman*, 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979) (because Congress had explicitly exempted its staffers from coverage under Title VII, *Bivens*-type Equal Protection claim allowed), the rule is that 'where Congress has designed a program that provides what it considers adequate remedial mechanisms for constitutional violations, *Bivens* actions should not be implied.'" *Brazil v. U.S. Dept. of Navy*, 66 F.3d 193, 197-98 (9th Cir. 1995) (quoting *Kotarski v. Cooper*, 866 F.2d 311, 312 (9th Cir. 1989)). It is immaterial that McAlister cannot be sued for damages under Title VII. *See Mathis v. Henderson* 243 F.3d 446, 451 (8th Cir. 2001) (Title VII preempted any claims against federal employee's supervisor in his individual capacity). "Because discrimination and retaliation are actionable under Title VII's comprehensive remedial scheme, no *Bivens* remedy may be implied for claims that the same discrimination and retaliation violated constitutional rights." *Williams v. Court Services and Offender Supervision Agency for D.C.*, __ F.Supp.2d __ , 2012 WL 35554, *6 (D.D.C. 2012).

---

[5] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (recognizing cause of action to recover damages against federal agent for violations of constitutional rights).

[6] "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994).

### 2. *First Amendment*

For his second claim, Avila alleges "Defendants deprived [him] of his rights to Free Speech contrary to the First Amendment to the United States Constitution by retaliating against him for speaking out on matters of public concern" (filing 1, ¶ 29), such as commenting to the Associated Press "that the [Census Bureau] officials were not doing enough to hire Latinos and Spanish speakers" (filing 1, ¶ 16) and "also question[ing] the hiring criteria for Latinos and Spanish speakers" (*id.*). This claim also fails as a matter of law because the Civil Service Reform Act of 1978 (CSRA), Pub.L. No. 95-454, 92 Stat. 1111 (codified as amended in scattered sections of 5 U.S.C.), has been held to provide the exclusive remedy for federal employees whose First Amendment rights are violated by superiors. *See Bush v. Lucas*, 462 U.S. 367, 385-86 (1983).

### 3. *Title VII*

Claiming a violation of Title VII, Avila alleges he "has been discriminated against because of his race and his opposition to practices he reasonably believed to be unlawful" (filing 1, ¶ 32). The defendants rightly object that they are not proper parties under Title VII.

"The only proper defendant in a Title VII suit is the head of the agency accused of having discriminated against the plaintiff." *McGuinness v. U.S. Postal Service*, 744 F.2d 1318, 1322 (8th Cir. 1984) (citing 42 U.S.C. § 2000e-16(c)). The claims alleged against the Department of Commerce and McAlister, both in her individual and official capacity, must be dismissed.

In his brief, Avila states he "would seek leave to amend the complaint to include [as a defendant] Secretary of the Department of Commerce, John, E. Bryson" (filing 30 at 15). Leave will be granted. *See Warren v. Department of Army*, 867 F.2d 1156, 1161 (8th Cir. 1989) (allowing amendment substituting Secretary of the Army

for the Department).  However, I make no determination whether the amendment will relate back under Federal Rule of Civil Procedure 15(c), nor do I decide whether the facts alleged in the original complaint are sufficient to state an actionable claim for race-based discrimination or retaliation[7] under Title VII.

### 4. Section 1981

Finally, it is alleged that the "actions of Defendant [*singular*] constitute a violation of 42 U.S.C. § 1981, Plaintiff has been discriminated against because of his race" (filing 1, ¶ 35).  This claim also will be dismissed because Title VII "provides the exclusive judicial remedy for claims of discrimination in federal employment." *Mathis*, 243 F.3d at 449 (quoting *Brown*, 425 U.S. at 835).  Furthermore, § 1981 "protects individuals only from discrimination carried out *under color of state, not federal, law*.  Indeed, in 1991, Congress amended § 1981 to include the stipulation that '[t]he rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.' 42 U.S.C. § 1981(c).  Since this amendment, the weight of judicial authority, has held that § 1981 does not protect against alleged discrimination under color of federal law." *Logan v. Chertoff*, No. 4:07–CV–1948 CAS, 2008 WL 922329, at *2 n. 3 (E.D. Mo. Apr. 2, 2008) (citing cases) (emphasis in original); *Gerdes*, 2009 WL 2351742 at *4.

---

[7] In 1972, Congress extended the protections of Title VII to employees of the federal government by mandating that personnel actions affecting federal employees "shall be made free from any discrimination based on race, color, religion, sex, or national origin," 42 U.S.C. § 2000e-16(a), and providing that "[t]he provisions of section 2000e-5(f) through (k) of [Title VII], as applicable, shall govern civil actions brought hereunder" by federal employees.  42 U.S.C. § 2000e-16(d).  This federal-sector provision does not expressly incorporate Title VII's anti-relation provision, 42 U.S.C. § 2000e-3(a), but "does incorporate a remedial provision, § 2000e-5(g)(2)(A), that authorizes relief for a violation of § 2000-3(a)." *Gomez-Perez v. Potter*, 128 S.Ct. 1931, 1941 n. 4 (2008) (acknowledging, without deciding, question of "whether Title VII bans retaliation in federal employment").

## *CONCLUSION*

All claims alleged against "United States of America, by and through United States Department of Commerce, Agency," and "Lori McCalister [*sic*], individually and in her capacity as Assistant Manager, Recruitment Bureau of the Census," will be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). The plaintiff will be permitted to amend his complaint to re-allege only the "third cause of action" (Title VII claims) against the Secretary of the Department of Commerce.

Accordingly,

IT IS ORDERED:

1. Defendants' motion to dismiss (filing 24) is granted, and they shall no longer be parties to this action.

2. Plaintiff is granted leave to file an amended complaint within 14 days in which the Secretary of the Department of Commerce shall be the only defendant named and Title VII shall be the only legal basis claimed for seeking relief for alleged discrimination or retaliation.

July 12, 2012.                                    BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

\* This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.